UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Timothy W. Hazelton

    v.                                  Civil No. 22-cv-023-LM-AJ

Warden, Northern New Hampshire
Correctional Facility

**REPORT AND RECOMMENDATION**

Self-represented petitioner Timothy W. Hazelton filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Doc. No. 1) and several petition addenda (Doc. Nos. 3, 5, 7, 9) in this Court. In his petition documents, Mr. Hazelton has challenged his 2006 conviction and sentence on sexual assault charges, asserting that his guilty plea to those charges was the product of his attorneys' coercion and threats, in violation of his Sixth and Fourteenth Amendment rights to the effective assistance of counsel and due process. The petition documents are before the undersigned Magistrate Judge to complete preliminary review in this matter. See Rule 4 of the Rules Governing § 2254 Cases ("§ 2254 Rules); LR 4.3(d)(4).

After conducting an initial preliminary review in this case, this Court issued an Order (Doc. No. 8) stating that Mr. Hazelton's petition appeared to be untimely filed. In that Order, the Court directed Mr. Hazelton to file an amended petition demonstrating that his petition in this Court should

not be dismissed on that basis.  The Order explained that Mr. Hazelton could make that showing by demonstrating that the one-year limitations period generally applicable to § 2254 actions was tolled in his case by post-conviction state court litigation, see 28 U.S.C. § 2244(d)(2), or by demonstrating that the limitations period in his case should be equitably tolled.  In addition, the Court explained that Mr. Hazelton could obtain an exception to the limitations period if he could establish a credible claim of actual innocence.

## Discussion

I.  Amended Petition

In response to the Court's order, Mr. Hazelton filed an Amended Petition (Doc. No. 9), which the Court has construed as part of the petition for all purposes.  In his petition, Mr. Hazelton asserted that the limitations period in his case should be equitably tolled because he tried to get legal help between 2006 and 2012, but the attorneys he contacted said they couldn't help him without charging him a lot of money, which he didn't have.  Further, Mr. Hazelton alleges that his trial attorneys refused to help him appeal his conviction, stating there was nothing they could do as he had pleaded guilty pursuant to an agreement with the prosecution in his criminal case.

II. <u>Tolling Not Justified</u>

Mr. Hazelton has not asserted that between his 2006 conviction and his 2022 filing of his habeas petition in this court, he filed any action in the state courts challenging his conviction. Accordingly, he has failed to show that any time can be excepted from his limitations period under 28 U.S.C. § 2244(d)(2).

Equitable tolling may be warranted if there are facts showing that the petitioner had diligently pursued his rights and "that some extraordinary circumstances stood in his way and prevented timely filing" of his petition. Riva v. Ficco, 615 F.3d 35, 39 (1st Cir. 2010). Mr. Hazelton attempts to demonstrate that he should be entitled to equitable tolling because he could not find pro bono counsel, or afford retained counsel, and he did not have the legal training and knowledge necessary to pursue federal habeas relief on his own. However, neither a prisoner's lack of legal training and knowledge, nor his lack of an attorney, are "extraordinary circumstances." Id. Instead, those are "'the usual problems inherent in being incarcerated,'" which "'do not justify equitable tolling.'" Holmes v. Spencer, 685 F.3d 51, 63 (1st Cir. 2012) (citation omitted).

III. Actual Innocence

A petitioner who presents a credible claim of actual innocence may avoid the dismissal of an otherwise untimely habeas petition.  See McQuiggin v. Perkins, 569 U.S. 383, 395 (2013) (actual innocence exception applies to cases in which "new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner]'" (citation omitted)).  While Mr. Hazelton continues to assert his innocence, he has not pointed to the existence of any new evidence which could support a claim of actual innocence that warrants an exception to the statute of limitations.  For these reasons, Mr. Hazelton's petition is untimely, and the District Judge should deem it time-barred.

## Certificate of Appealability

When the district court denies a § 2254 petition on procedural grounds without reaching the underlying constitutional claims, a Certificate of Appealability ("COA") should issue when the petitioner shows, at least, that reasonable jurists would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that reasonable jurists would find it debatable whether the district court was correct in its procedural ruling.  See Slack v. McDaniel, 529 U.S. 473, 483-84 (2000); see also 28 U.S.C.

4

§ 2253(c)(2). Here, Mr. Hazelton has not made any substantial showing of the denial of a constitutional right, and reasonable jurists would not debate that his petition is time-barred. Accordingly, the District Judge should not issue a COA in this matter.

## Conclusion

For the foregoing reasons, the District Judge should dismiss Mr. Hazelton's § 2254 petition as untimely and decline to issue a COA. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the written objections to this Report and Recommendation "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'" Id. (citations omitted).

_____
Andrea K. Johnstone
United States Magistrate Judge

April 3, 2024

cc: Timothy W. Hazelton, pro se