UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Timothy W. Hazelton

    v.                                Civil No. 22-cv-023-LM-AJ
                                        Opinion No. 2025 DNH 003 P

Warden, Northern New Hampshire
Correctional Facility

**O R D E R**

Before the court for consideration are two post-judgment motions (doc. nos. 15, 17) filed by petitioner Timothy W. Hazelton. Hazelton seeks reconsideration of the court's dismissal of his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. The court construes Hazelton's post-judgment motions to seek relief under Rule 59(e) of the Federal Rules of Civil Procedure.[1] For the following reasons, Hazelton's motions (doc. nos. 15, 17) are denied.

**STANDARD OF REVIEW**

Rule 59(e) applies in § 2254 proceedings. See Banister v. Davis, 590 U.S. 504, 513 (2020). Rule 59(e) "enables a party to request that a district court reconsider a just-issued judgment," where the motion is filed within twenty-eight days of the date the district court entered judgment. Id. at 507. The Rule empowers a district

---

[1] Hazelton's first Rule 59(e) motion (doc. no. 15) was filed August 12, 2024, four days after judgment entered in this matter. Hazelton then filed a notice of appeal at the First Circuit Court of Appeals. The First Circuit transferred the notice of appeal (doc. no. 18) to this court on October 21, 2024. Hazelton's second post-judgment motion (doc. no. 17) was filed on October 23, 2024.

court "to rectify its own mistakes in the period immediately following its decision," but it does not allow parties to raise arguments that could have been developed prior to judgment, or to repeat arguments previously raised and rejected. Id. at 508 (quotation omitted); González-Arroyo v. Doctors' Ctr. Hosp. Bayamón, Inc., 54 F.4th 7, 19 (1st Cir. 2022). "The granting of a motion for reconsideration is an extraordinary remedy which should be used sparingly." City of Miami Fire Fighters' & Police Officers' Ret. Tr. v. CVS Health Corp., 46 F.4th 22, 36 (1st Cir. 2022) (quotation omitted).

## BACKGROUND

Hazelton filed this § 2254 action on January 11, 2022, to challenge the constitutionality of his present incarceration for a sexual assault conviction, which was the result of a guilty plea entered on June 21, 2006. State v. Hazelton, No. 06-S-280 (N.H. Super. Ct., Belknap Cty.). The court screened Hazelton's petition and issued an order on December 5, 2022 (doc. no. 8) finding that his petition is time-barred unless (a) he can show that it is subject to statutory or equitable tolling of the limitations period or (b) he can demonstrate actual innocence. The court granted Hazelton the opportunity to amend his petition to demonstrate that it was timely. See doc. no. 8 at 7-10.

In response, Hazelton filed an amended petition (doc. no. 9). The Magistrate Judge reviewed that amended petition and issued a Report and Recommendation (doc. no. 11) ("R&R") recommending dismissal of the matter, as the amended petition did not demonstrate that Hazelton was entitled to either statutory or

equitable tolling of the applicable limitations period, and "he ha[d] not pointed to the existence of any new evidence which could support a claim of actual innocence." Doc. no. 11 at 3-4. Hazelton did not object to the R&R. The court approved the R&R, dismissed Hazelton's petition, and denied a certificate of appealability. See doc. no. 13. The instant motions followed, seeking reconsideration of the dismissal of Hazelton's petition.

## DISCUSSION

In his motions, Hazelton asserts, as grounds for reconsideration, that he is actually innocent of the offenses underlying his present incarceration, and that therefore his claims should be excepted from the statute of limitations. See McQuiggin v. Perkins, 569 U.S. 383, 395 (2013) (credible actual innocence claim can serve as "gateway" to considering otherwise time-barred petition). In support of his actual innocence claim and request for relief under Rule 59(e), Hazelton points to the following evidence:

- A March 31, 2005 Bristol Police Department report which Hazelton says included false information, such as the extent of the victim's mother's knowledge of the assaults and whether the victims had been beaten. Hazelton also asserts the report failed to explain why charges were not brought until five months after the victim reported the sexual assaults;

- The journal of one of his victims, which Hazelton provided to his attorney prior to his guilty plea and which describes instances of the victim lying, using drugs, and trading sex for drugs, which Hazelton believes could have been used to impeach her credibility;

3

- An unsigned letter containing inculpatory statements that one of Hazelton's daughters accused him of writing to her;

- A 2004 letter from Hazelton's former neighbor which states that she did not believe Hazelton sexually assaulted the victims, and that the neighbor was comfortable with Hazelton continuing to babysit her four young children;

- A statement by the lead detective in Hazelton's criminal case, made before Hazelton pleaded guilty, which Hazelton claims falsely stated that the detective saw Hazelton walk without assistive devices, although Hazelton has cerebral palsy and cannot walk without such devices; and

- A two-page excerpt of a transcript of an interview of one victim that Hazelton claims would show that the victim was coerced into accusing Hazelton of sexual assault.

In addition, Hazelton argues that the New Hampshire Judicial and Executive branches are corrupt; that his attorneys coerced him to plead guilty by advising him that he could receive a lengthy prison sentence if convicted after a trial, or even a life sentence if he lost at trial in both this case and another case then pending in another county; and that his attorneys failed to obtain exculpatory evidence or expert testimony.

    Several of Hazelton's assertions merely "repeat arguments previously made" and rejected. González-Arroyo, 54 F.4th at 19 (quotation omitted). Hazelton has previously argued that the New Hampshire Judicial and Executive branches are corrupt, that the letter to Hazelton's daughter was identified as his but was not signed by him, and that his attorneys coerced his guilty plea. The same arguments, simply reasserted, are not grounds for reconsideration under Rule 59(e). See id.

4

Other assertions in Hazelton's motions qualify as evidence he "could have raised before the decision issued," but did not. Banister, 590 U.S. at 508. Hazelton's contentions regarding the following fall into that category: the March 2005 police report; the information in the victim's journal; the law enforcement statement about seeing him walk; the "coercive" questioning of his victims; his neighbor's belief in his innocence; and his attorney's failure to obtain exculpatory evidence. Hazelton has failed to show that he could not have raised these arguments before the dismissal of this case. As such, they do not support a request for relief under Rule 59(e). Id.

Moreover, none of the evidence Hazelton cites in his Rule 59(e) motions amounts to credible evidence of the petitioner's actual innocence. For an actual innocence claim to be credible, the petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). The new evidence must show that "it is more likely than not that no reasonable juror would have" voted to convict. McQuiggin, 569 U.S. at 395 (quoting Schlup, 513 U.S. at 329.) This is a demanding standard. Id. at 399, 401.

Hazelton's remaining pieces of evidence also fail to demonstrate actual innocence. This court has examined the excerpt of the interview transcript, see doc. no. 15 at 10-11, which Hazelton claims to demonstrate coercion. Though investigators asked a witness some leading questions, this excerpt does not rise to

the level of a supportable allegation of coercion. And while it is possible that information about the use of drugs by the victim who authored the journal (or other information in the journal) could cast doubt on that witness's credibility, such impeachment evidence is not the type of new, reliable, "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence," which may establish factual innocence. Schlup, 513 U.S. at 324; cf. Sawyer v. Whitley, 505 U.S. 333, 349 (1992) ("latter-day evidence brought forward to impeach a prosecution witness will seldom, if ever, make a clear and convincing showing that no reasonable juror would have believed the heart of [the witness's] account of petitioner's actions").

In sum, Hazelton has not pointed to any error of law or fact made by the court in dismissing his case—or to any newly discovered evidence unavailable to him prior to the dismissal of his case—that would warrant reconsideration of the court's order dismissing this matter and denying a certificate of appealability. For these reasons, his Rule 59(e) motions must be denied.

## CONCLUSION

Hazelton's Rule 59(e) motions (doc. nos. 15, 17) are denied.

SO ORDERED.

_____
Landya B. McCafferty
United States District Judge

January 15, 2025
cc: Timothy W. Hazelton, pro se